UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-7362-SVW (KK) | Date: | August 31, 2020 |
|---|---|---|---|
| Title: | *David G. Mountford v. The People* | | |

| Present: The Honorable | KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE |
|---|---|

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why this Action Should Not Be Dismissed for Lack of Jurisdiction

## I.
## INTRODUCTION

Petitioner David Mountford ("Petitioner") has filed a <u>pro se</u> Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  It appears, however, the Petition is subject to dismissal for lack of jurisdiction.  The Court will provide Petitioner an opportunity to address this issue before making a final determination regarding whether the Petition should be dismissed.

## II.
## BACKGROUND

**A.    STATE COURT PROCEEDINGS**

On September 11, 2003, Petitioner pled guilty in the Los Angeles County Superior Court to petty theft and false personation of another.  Dkt. 1, Pet. at 1.  The trial court sentenced Petitioner to three years in prison on the petty theft count and a concurrent term of two years on the false personation count.  <u>Id.</u>  Petitioner states he has "already served" his sentence resulting from the September 11, 2003 conviction.  <u>Id.</u>

Following his conviction and sentencing, Petitioner filed a direct appeal in the California Court of Appeal.  <u>See</u> <u>People v. Mountford</u>, No. B172092, 2005 WL 2158817, at *1 (Cal. Ct. App.

Sept. 8, 2005). On September 8, 2005, the California Court of Appeal affirmed the judgment. Id. It does not appear Petitioner sought review with the California Supreme Court.

In 2018, Petitioner filed a "motion to set aside judgment and withdraw plea" in the Los Angeles County Superior Court. Dkt. 1, Pet. at 9-10. On August 21, 2018, the superior court denied the motion to set aside the plea. Id.

On August 30, 2018, Petitioner filed an appeal in the California Court of Appeal, arguing the superior court "erred by denying [Petitioner]'s motion to set aside judgment and withdraw his plea and further erred by failing to provide a statement of reasons for denying this motion" and erred by not issuing a certificate of probable cause. Dkt. 1, Pet. at 4; see also Cal. Courts, Appellate Courts Case Info., https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id= 2261559&doc_no=B292326&request_token=NiIwLSEmXkw3W1BRSCItXENJQEQ6USxTKiI% 2BSzhSUCAgCg%3D%3D (last updated Aug. 31, 2020 at 9:12 AM).[1]

On November 25, 2019, the California Court of Appeal issued an unpublished order construing Petitioner's August 30, 2018 appeal "as a petition for writ of error *coram vobis*" and denying the petition. Id. The California Court of Appeal (1) found it lacked jurisdiction to hear Petitioner's claims regarding his motion to withdraw his guilty plea on direct appeal because the trial court did not issue a certificate of probable cause; and (2) construed the appeal as a petition for writ of error *coram vobis*, which ultimately failed because Petitioner did not show "good cause for withdrawal of his plea because he raises a legal, and not a factual question, about the potential future consequences of his 2003 guilty plea." Id.

On December 19, 2019, Petitioner filed a petition for review in the California Supreme Court. Cal. Courts, Appellate Courts Case Info., Supreme Court, Docket, https://appellatecases .courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2307339&doc_no=S259715&request_t oken=NiIwLSEmXkw3W1BRSCJdTExJUDg0UDxTJiBOWztSICAgCg%3D%3D (last updated Aug. 31, 2020 at 9:12 AM). On January 29, 2020, the California Supreme Court denied review. Id.; dkt. 1, Pet. at 4-5.

B.     FEDERAL HABEAS PROCEEDINGS

On August 5, 2020, Petitioner constructively filed[2] the instant Petition challenging his September 11, 2003 conviction.[3] Dkt. 1, Pet. at 1. Petitioner asserts the following grounds: (1) the

---

[1] The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

[3] To the extent Petitioner is attempting to challenge his "life sentence in Nevada" that may have been enhanced based on his 2003 conviction, see dkt. 1, Pet. at 15, this Court lacks jurisdiction to consider such a claim because Petitioner is presently confined in, and appears to have been convicted and sentenced in, Nevada. See 28 U.S.C. § 2241(d) (a petition for writ of habeas corpus (continued . . .)

"trial court erred by denying [Petitioner]'s motion to set aside the judgment and withdraw his plea" and "by failing to provide a statement of reasons for denying this motion" in violation of due process; (2) "review is required to settle the issue of whether [Petitioner's] post judgment motion to withdraw plea was timely made, where his reason for delay was that he did not know his plea in California would result in a life sentence in Nevada until he was sentenced in Nevada for unrelated crimes"; and (3) "settle the issue of whether [Petitioner's] discovery that his guilty plea in California would result in an enhanced sentence in Nevada[,] qualified as a newly discovered fact for purposes of a petition for writ of error *coram vobis*." Id. at 5-10.[4]

### III.
### THE COURT LACKS JURISDICTION OVER THE PETITION

Under Section 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is jurisdictional, and it is, therefore, the first question the Court must consider. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). A habeas petitioner is not "in custody" once the sentence imposed for the conviction is "fully expired." Maleng v. Cook, 490 U.S. 488, 491, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990).

Here, Petitioner states he was sentenced on September 11, 2003, to three years in prison and a concurrent term of two years, and concedes he has "already served" his sentence resulting from the September 11, 2003 conviction. Dkt. 1 at 1. Hence, because Petitioner appears to have fully served the sentence and is no longer in custody for his 2003 conviction, the Petition should be dismissed for lack of jurisdiction. De Long, 912 F.2d at 1146.

---

may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which the petitioner was convicted and sentenced).

[4] To the extent Petitioner is attempting to challenge (1) the August 21, 2018 order by the Los Angeles County Superior Court denying his motion to set aside the judgment, or (2) the California Court of Appeal's order construing Petitioner's appeal as a writ of error *coram vobis*, the Rooker-Feldman doctrine precludes such review. Rooker v. Fidelity Trust Co., 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) (holding federal courts may not exercise jurisdiction over a lawsuit that is a de facto appeal of a state court judgment).

Moreover, federal habeas corpus relief may be granted "only on the ground that [Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mere errors in the application of state law are not cognizable on federal habeas review. Id.; Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Accordingly, "federal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings." Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998), cert. denied, 526 U.S. 1123 (1999); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir.), cert. denied, 493 U.S. 1012 (1989) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings[.]").

# IV.
# ORDER

For the foregoing reasons, the Petition appears subject to dismissal. Petitioner is therefore **ORDERED TO SHOW CAUSE** why the Petition should not be dismissed for lack of jurisdiction by filing a written response no later than **September 21, 2020**.

ALTERNATIVELY, **Petitioner May Voluntarily Dismiss the Action Without Prejudice**: Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the Court has attached a Notice of Dismissal form for Petitioner's convenience.** However, the Court warns Petitioner that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**The Court warns Petitioner failure to timely file a response to this Order will result in the Court dismissing this action without prejudice for lack of jurisdiction, and for failure to prosecute and comply with court orders. See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

**IT IS SO ORDERED.**