UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. MOUNTFORD,<br><br>                    Petitioner,<br><br>         v.<br><br>THE PEOPLE,<br><br>                    Respondent. | Case No. CV 20-7362-SVW (KK)<br><br>ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |

**I.**

**INTRODUCTION**

Petitioner David G. Mountford ("Mountford"), an inmate at Northern Nevada Correctional Center, filed a pro se Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254 ("Section 2254"). ECF Docket No. ("Dkt.") 1, Pet. The Petition purports to challenge Mountford's September 11, 2003 conviction in Los Angeles County Superior Court. Id. at 1. Petitioner, however, is no longer in custody for the conviction he seeks to challenge. Id. Thus, for the reasons discussed below, the Court summarily DISMISSES the Petition without prejudice.

///

///

///

## II.

## **SUMMARY OF PROCEEDINGS**

### A. STATE COURT PROCEEDINGS

On September 11, 2003, Mountford pled guilty in Los Angeles County Superior Court to petty theft and false personation of another. Dkt. 1 at 1. The trial court sentenced Mountford to three years in prison on the petty theft count and a concurrent term of two years on the false personation count. Id. Mountford states he has "already served" his sentence resulting from this conviction. Id.

Mountford filed a direct appeal of his sentence and conviction in the California Court of Appeal. See People v. Mountford, No. B172092, 2005 WL 2158817, at *1 (Cal. Ct. App. Sept. 8, 2005). On September 8, 2005, the California Court of Appeal affirmed the judgment. Id. It does not appear Mountford sought review with the California Supreme Court.

In 2018, Mountford filed a "motion to set aside judgment and withdraw plea" in the Los Angeles County Superior Court which was denied on August 21, 2018. Dkt. 1 at 9–10. Mountford appealed the decision to the California Court of Appeal. Id. at 4. On November 25, 2019, the California Court of Appeal construed his appeal as a petition for writ of error *coram vobis* and denied the petition. Id. at 8. Mountford next filed a petition for review in the California Supreme Court that was denied on January 29, 2020. Id. at 4–5.

### B. FEDERAL HABEAS PROCEEDINGS

On August 5, 2020, Mountford constructively filed[1] the instant Petition challenging his September 11, 2003 conviction.[2] Dkt. 1 at 1.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

[2] To the extent Mountford is attempting to challenge his "life sentence in Nevada" that may have been enhanced based on his 2003 conviction, see dkt. 1 at 15, this Court lacks jurisdiction to consider such a claim because Mountford is presently confined in, and appears to have been convicted and sentenced in, Nevada. See 28

2

1	Mountford asserts the following grounds: (1) the "trial court erred by denying
2	[Mountford]'s motion to set aside the judgment and withdraw his plea" and "by
3	failing to provide a statement of reasons for denying this motion" in violation of due
4	process; (2) "review is required to settle the issue of whether [Mountford's] post
5	judgment motion to withdraw plea was timely made, where his reason for delay was
6	that he did not know his plea in California would result in a life sentence in Nevada
7	until he was sentenced in Nevada for unrelated crimes"; and (3) "settle the issue of
8	whether [Mountford's] discovery that his guilty plea in California would result in an
9	enhanced sentence in Nevada[,] qualified as a newly discovered fact for purposes of a
10	petition for writ of error *coram vobis*." Id. at 5–10.³
11	On August 31, 2020, the Court issued an Order to Show Cause Why this
12	Action Should Not Be Dismissed for Lack of Jurisdiction ("OSC") because it
13	appeared Mountford was no longer in custody for the September 11, 2003 conviction.
14	Dkt. 3. Mountford has not filed a response to the OSC despite having been
15	instructed to respond no later than September 21, 2020. Id.

### III.

### **THE COURT LACKS JURISDICTION OVER THE PETITION**

18	Under Section 2254, "a district court shall entertain an application for a writ of
19	habeas corpus in behalf of a person in custody pursuant to the judgment of a State
20	court only on the ground that he is in custody in violation of the Constitution or laws
21	or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement

---

U.S.C. § 2241(d) (stating a petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which the petitioner was convicted and sentenced).

³ To the extent Mountford is attempting to challenge (1) the August 21, 2018 order by the Los Angeles County Superior Court denying his motion to set aside the judgment, or (2) the California Court of Appeal's order construing Mountford's appeal as a writ of error *coram vobis*, the Rooker-Feldman doctrine precludes such review. Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 486–87 (1983) (holding federal courts may not exercise jurisdiction over a lawsuit that is a de facto appeal of a state court judgment).

1  is jurisdictional, and it is, therefore, the first question the Court must consider. <u>Bailey</u>
2  <u>v. Hill</u>, 599 F.3d 976, 978 (9th Cir. 2010).  A habeas petitioner is not "in custody"
3  once the sentence imposed for the conviction is "fully expired." <u>Maleng v. Cook</u>, 490
4  U.S. 488, 491 (1989); <u>De Long v. Hennessey</u>, 912 F.2d 1144, 1146 (9th Cir. 1990).
5       Here, Mountford states he was convicted and sentenced on September 11,
6  2003, to three years in prison and a concurrent term of two years.  Dkt. 1 at 1.
7  Moreover, Mountford concedes he has "already served" his sentence resulting from
8  the September 11, 2003 conviction.  <u>Id.</u>  Hence, because Mountford appears to have
9  fully served the sentence and is no longer in custody for his 2003 conviction, the
10 Court lacks jurisdiction and the Petition must be dismissed.  <u>De Long</u>, 912 F.2d at
11 1146.

## IV.

## ORDER

Accordingly, this Court ORDERS Judgment be entered summarily DISMISSING this action without prejudice.

Dated:   November 9, 2020

                         HONORABLE STEPHEN V. WILSON
                         United States District Judge

Presented by:

HONORABLE KENLY KIYA KATO
United States Magistrate Judge

4